# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 196

In the Matter of the Guardianship of M.H., an incapacitated person

| | |
|---|---|
| T.F., | Petitioner and Appellee |
| v. | |
| M.H., ward, | Respondent and Appellee |
| and | |
| J.H., | Respondent and Appellant |

## No. 20210069

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Heather M. Krumm, Mandan, ND, for petitioner and appellee; submitted on brief.

Cynthia Wagner Goulet, Bismarck, ND, for respondent and appellee; submitted on brief.

Travis D. Iversen, Bismarck, ND, for respondent and appellant; submitted on brief.

# Guardianship of M.H.
## No. 20210069

**Jensen, Chief Justice.**

[¶1]   J.H. appeals from an order and findings of fact denying his petition to remove T.F. as guardian of M.H., appoint himself as guardian, and remove contact restrictions T.F. placed on his contact with M.H. On appeal, J.H. argues the district court abused its discretion in denying his motion to remove T.F. as guardian and refusing to remove restrictions T.F. placed on his contact with M.H. He argues the finding that he is unable to civilly structure his contact with M.H. is clearly erroneous. Because the district court did not abuse its discretion in ordering T.F. remain M.H.'s guardian and its findings of fact are not clearly erroneous, we affirm.

I

[¶2]   J.H. and T.F. are the parents of M.H., who is an adult. J.H. and T.F. were previously married and divorced. T.F. has been M.H.'s guardian since 2015. M.H. resides in an apartment, with a roommate, that is continuously staffed by HIT, Inc., a non-profit organization providing services to people with disabilities.

[¶3]   In September 2020, J.H. filed a notice of petition, motion, and brief regarding the guardianship. In his petition and motion, J.H. argued that T.F. should be removed as guardian and he should be appointed guardian pursuant to N.D.C.C. § 30.1-28-07(1). In his brief, he argued T.F. abused her discretion in limiting his contact with M.H.

[¶4]   In December 2020, the district court held a guardianship review hearing. T.F., J.H., M.H., and several other witnesses testified at the hearing. The court-appointed visitor testified the consensus among HIT, Inc. staff was that J.H. caused problems for M.H. T.F. testified that she restricted J.H.'s contact with M.H. because of his outbursts towards the staff, which negatively affects M.H.

[¶5]   Following the hearing the district court denied the change of guardian, found J.H. "is unable to civilly attempt to structure his contact with [M.H.]

1

through [T.F.]," and found the restriction placed on J.H.'s contact with M.H. were for M.H.'s benefit. J.H. appealed.

## II

[¶6] J.H. challenges the district court's denial of his request to replace T.F. as M.H.'s guardian. "[C]ourts in Uniform Probate Code jurisdictions apply the abuse of discretion standard when reviewing a trial court's selection of a guardian and conservator." *In re Guardianship of B.K.J.*, 2015 ND 191, ¶ 4, 867 N.W.2d 345 (internal citations omitted). "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Id.* (internal citations omitted).

[¶7] "On petition of the ward or any person interested in the ward's welfare, the court may remove a guardian and appoint a successor if in the best interests of the ward." N.D.C.C. § 30.1-28-07(1). Under N.D.C.C. § 30.1-28-11(1), "[a]ny competent person or a designated person from a suitable institution, agency, or nonprofit group home may be appointed guardian of an incapacitated person." Priority for appointment as guardian is given to specified individuals, including to "[a] parent of the incapacitated person[.]" N.D.C.C. § 30.1-28-11(3)(d). "With respect to persons having equal priority, the court shall select the one it deems best qualified to serve." N.D.C.C. § 30.1-28-11(4).

[¶8] As her parents, J.H. and T.F. have equal priority to serve as M.H.'s guardian. N.D.C.C. § 30.1-28-11(3)(d). In denying J.H.'s request to be guardian, the district court found the following with regard to J.H.: M.H.'s staff were fearful of J.H., J.H. has not managed M.H.'s paperwork, J.H.'s behavior towards M.H.'s staff is unacceptable, and J.H. provided no evidence that he has changed from his last interaction with the staff or prior inappropriate interactions with T.F. The court's findings also outlined the positive impact T.F. has as a guardian on M.H. The court noted in its findings the court-appointed visitor's report, which concluded it would be in M.H.'s best interests for T.F. to continue as guardian. After our review of the record, we conclude the court did

2

not act arbitrarily, unreasonably, or unconscionably, and it made a reasoned determination of guardianship. The court did not abuse its discretion and we affirm the court order re-appointing T.F. as M.H.'s guardian and declining to appoint J.H. as M.H.'s guardian.

## III

[¶9]   J.H. argues the district court erroneously found he is unable to civilly structure his contact with M.H. We apply the clearly erroneous standard under N.D.R.Civ.P. 52(a) when reviewing findings of fact in a guardianship proceeding. *In re Guardianship of B.K.J.*, 2015 ND 191, ¶ 4 (citing references omitted). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, [this Court is] left with a definite and firm conviction a mistake has been made." *Id.* (citing references omitted).

[¶10] The district court found J.H. "is unable to civilly attempt to structure his contact with [M.H.] through [T.F.]." The court also found M.H. is in need of significant structure in her life, and that J.H. has been disruptive both to M.H. and her staff. J.H. does not contend the findings were induced by an erroneous view of the law. There is evidence in the record to support the findings, and we are not left with a definite and firm conviction a mistake has been made. We conclude the court's finding that J.H. is unable to civilly structure his contact with M.H. is not clearly erroneous.

## IV

[¶11] J.H. challenges the restrictions T.F. placed on his contact with M.H. We have not previously stated our standard of review for a guardian's decision to limit contact between the ward and a family member. J.H. argues the standard of review is abuse of discretion. T.F. argues the standard of review is clearly erroneous relying on a decision of the Nebraska Supreme Court. *In re Guardianship and Conservatorship of Karin P.*, 271 Neb. 917, 716 N.W.2d 681 (Neb. 2006).

3

[¶12] Section 30.1-28-12(3), N.D.C.C., requires a guardian to "make provision for the care, comfort, and maintenance of the ward[.]" At least one jurisdiction has construed the language "care, comfort, and maintenance" to include control of the ward's visitation and held delegating visitation decisions to the guardian is appropriate. *See In re Guardianship and Conservatorship of Karin P.*, 716 N.W.2d 681, 690 (Neb. 2006).

[¶13] T.F. argues N.D.C.C. § 50-25.3, dealing with visitation of vulnerable adults, controls the district court's decision to uphold her contact restrictions on J.H. Section 30.1-26-01(2), N.D.C.C., defines "incapacitated person" to include any adult person who is impaired by reason of mental illness or mental deficiency. Section 50-25.3-01(7), N.D.C.C., defines "vulnerable adult" as an adult who has substantial mental or functional impairment or an adult experiencing visitation restrictions while under the care of a caregiver. While "incapacitated person" and "vulnerable adult" are not synonymous in every case, M.H. is a vulnerable adult.

[¶14] Under N.D.C.C. § 50-25.3-02, a "caregiver may not unreasonably or arbitrarily deny or restrict visitation to a family member . . . or communication or interaction between a vulnerable adult and a family member[.]" The district court "may impose conditions on visitation," "may prohibit contact between the petitioner and the vulnerable adult when contact is not in the best interest of the vulnerable adult" and may not compel visitation when the vulnerable adult "expresses a desire to not have visitation with the petitioner." N.D.C.C. §§ 50-25.3-03(5)–(7).[1]

---

[1] A law enacted in the 2021 Legislative Session expressly permits a guardian's restrictions on contact with the ward. Section 30.1-28-12.2, N.D.C.C., provides a guardian may restrict visitation, communication, and interaction with the ward if it is in the best interests of the ward. If the restriction is challenged, the district court may "impose conditions on visitation, communication, and interaction between the restricted party and the ward" or "prohibit visitation, communication, or interaction between the restricted party and the ward" if the visitation, communication, or interaction is not in the best interests of the ward. N.D.C.C. § 30.1-28-12.2(7)-(8). However, because the law was not enacted at the time of the hearing, it is not addressed in this opinion.

4

[¶15] T.F., as guardian of M.H., exercised her discretion in enacting restrictions between M.H. and J.H. for the benefit of M.H. The district court made a finding of fact as to whether T.F. unreasonably or arbitrarily denied contact between J.H. and M.H., and found that the restrictions were for M.H.'s benefit. We agree with T.F. that the standard of review is clearly erroneous as the district court must make a finding of fact as to whether the guardian arbitrarily denied or restricted visitation between the vulnerable adult and a family member when considering a challenge under N.D.C.C. § 50-25.3-02. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, [this Court is] left with a definite and firm conviction a mistake has been made." *In re Guardianship of B.K.J.*, 2015 ND 191, ¶ 4 (citing references omitted).

[¶16] T.F. testified that she restricted J.H.'s contact with M.H. because of his outbursts directed at M.H.'s staff, which negatively affects M.H. M.H. gave conflicting testimony related to seeing J.H., but at the December hearing, shook her head no to wanting to see J.H. more and answered "no" to J.H. coming to her apartment. The district court found the restrictions on J.H.'s contact were for M.H.'s benefit, a finding which is supported by the visitor's report. J.H. does not assert the court misapplied the law in making a finding that T.F. acted for M.H.'s benefit in placing the contact restrictions. There is evidence in the record to support the finding, and we are not left with a definite and firm conviction a mistake has been made. We conclude the finding is not clearly erroneous and we accordingly affirm the court's order denying to remove the restrictions placed by T.F.

V

[¶17] J.H.'s other arguments are not necessary to our decision. The district court did not abuse its discretion in ordering T.F. remain as guardian of M.H. and denying J.H.'s request to be guardian. The district court's findings related to J.H.'s contact with M.H. are not clearly erroneous. Accordingly, we affirm the district court's findings of fact and order.

[¶18] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte
Gary Lee, D.J.

[¶19] The Honorable Gary Lee, D.J., sitting in place of McEvers, J., disqualified.